IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-103-D

UNITED STATES OF AMERICA          )
                                  )
          v.          ˘           )          **ORDER**
                                  )
TONY AZENTO-DASHONE PARKS,        )
                                  )
                   Defendant.     )

On June 20, 2012, pursuant to a written plea agreement, Tony Azento-Dashone Parks ("Parks") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base (crack). See [D.E. 1, 27]. On November 2, 2012, the court held Parks' sentencing hearing. See [D.E. 40]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 33]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Parks's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. See [D.E. 41] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Parks to 102 months' imprisonment. See [D.E. 40] 2. Parks did not appeal.

On April 27, 2015, Parks moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 44]. Parks's new advisory guideline range is 130 to 162 months' imprisonment, based on a total offense level of 27 and a criminal history category of VI. See Resentencing Report. Parks requests an 88-month sentence. See id. On May 30, 2017, the government responded. See [D.E. 47].

The court has discretion to reduce Parks's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Parks's sentence, the court finds that Parks engaged in serious criminal behavior. See PSR ¶¶ 8–11. The conspiracy took place for approximately four years and involved over 280 grams of cocaine base (crack). See id. Parks also has three prior convictions for possession of cocaine, two convictions for larceny, two convictions for resisting a public officer, a conviction for possession with intent to sell and deliver cocaine, a conviction for selling cocaine, and a conviction for possession of a schedule I controlled substance. See id. ¶¶ 14–23. Parks has performed poorly on supervision. See id. ¶¶ 14, 20, 21. Parks had a serious substance abuse problem before his most recent federal incarceration (id. ¶ 36) and a spotty work history. See id. ¶¶ 39–49. Finally, Parks has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Parks received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Parks's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Parks's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671

F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Parks's motion for reduction of sentence [D.E. 44].

SO ORDERED. This __4__ day of October 2017.

JAMES C. DEVER III
Chief United States District Judge